# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PSA CONSTRUCTORS, INC. | CIVIL ACTION |
| VERSUS | NO: 10-1103 |
| ST. MARY'S ACADEMY OF THE HOLY FAMILY ET AL | SECTION: "C" (3) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss by defendant St. Mary's Academy of the Holy Family ("St. Mary's"). (Rec. Doc. 20). The motion is before the Court on the briefs without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court GRANTS the motion for the following reasons.

## II.  Law and Analysis

St. Mary's engaged plaintiff PSA Constructors, Inc., ("PSA") to construct and demolish buildings on St. Mary's campus. Following a dispute regarding St. Mary's termination of the contract, PSA filed suit in this Court on April 14, 2010.

St. Mary's brings its motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), which are the vehicles for asserting lack of subject matter jurisdiction and improper venue, respectively. However, St. Mary's brief is directed almost entirely at their assertion that the parties' forum-selection clause is enforceable in this case, with only cursory mention of jurisdiction. (Rec.

Doc. 17-1 at 4-5). The Court will therefore limit its analysis to St. Mary's venue arguments, which are nonetheless sufficient to obtain relief.

St. Mary's argues that the forum selection clause in the Agreement for Professional Services ("Agreement") between the parties is enforceable and mandates that PSA's action be heard in the Orleans Parish Civil District Court. (Rec. Doc. 17-1 at 2). The clause at issue reads:

Section 2.0   Exclusive Jurisdiction and Venue

For all claims arising out of or related to this Agreement, Project Manager hereby consents and yields to the exclusive jurisdiction and venue of the Civil District Court for the SMA and expressly waives any (a) pleas of jurisdiction based upon Project Manager's residence and (b) right of removal to federal court based upon diversity of citizenship.

(Rec. Doc. 17-1 at 26). The use of "Project Manager," is defined earlier in the agreement as a reference to PSA. (Rec. Doc. 17-1 at 10).

"Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a heavy burden of proof." *Ginter ex rel. Ballard v. Belcher, Predergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir.1997)).

Plaintiffs offer little in the way of rebuttal, resting the entirety of their argument on the assertion that the clause is ambiguous. (Rec. Doc. 21 at 3). PSA claims that the language of the clause only applies when PSA is the *defendant*. (Rec. Doc. 21 at 3). They note that because the clause indicates that PSA (the Project Manager) "consents" or "yields," the clause must only "speak[] in terms of PSA in a defensive posture in litigation." (Rec. Doc. 21 at 3). They further assert that the phrase "for the SMA" should have read "for the claims of SMA." (Rec. Doc. 21 at 4).

The Court disagrees. The clause clearly and unambiguously refers to "all claims arising out

of or related to [the] Agreement." (Rec. Doc. 17-1 at 26). Because PSA's ambiguity argument fails, they cannot meet their heavy burden of proof in resisting enforcement of the forum selection clause.

Accordingly,

IT IS ORDERED that St. Mary's Motion to Dismiss (Rec. Doc. 17) is GRANTED and the above captioned matter is dismissed with prejudice.

New Orleans, Louisiana, this 5th day of August, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**